UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TIMOTHY C. PLATT and<br>SONIA E. PLATT,<br>    *Plaintiffs*,<br><br>    *vs.*<br><br>CITIMORTGAGE, INC.,<br>    *Defendant.* | )<br>)<br>)<br>)   1:14-cv-02088-JMS-TAB<br>)<br>)<br>)<br>) |

**ORDER**

    Presently pending before the Court is Defendant CitiMortgage, Inc.'s ("Citi") Motion to Dismiss. [Filing No. 9.] For the reasons detailed herein, the Court **GRANTS** the motion.

**I.**
**LITIGATION HISTORY**

    In February 2010, Citi began foreclosure proceedings against *pro se* Plaintiffs Timothy and Sonia Platt in Indiana state court. [Filing No. 9-2 (Complaint on Note and to Foreclose Mortgage filed in *CitiMortgage, Inc. v. Platt*, No. 49D11-1002-MF-007224 (the "State Court Action")).][1] In response to Citi's Complaint in the State Court Action, the Platts counterclaimed that (1) Citi "repeatedly published libelous statements that defamed Mr. and Mrs. Platt's financial reputations;"[2] (2) Citi's "libelous statements prevented Mr. [and] Mrs. Platt from being able to refinance

---

[1] The Court may "take judicial notice of matters of public record [including court filings] without converting a motion for failure to state a claim into a motion for summary judgment." *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997).

[2] Specifically, the Platts claimed that Citi's libelous statements hampered their ability to obtain gainful employment, increased the interest rates on their credit cards, and increased their monthly premiums for car insurance. [Filing No. 9-3 at 5-7.]

- 1 -

their home;" and (3) Citi's foreclosure proceeding against Mr. and Mrs. Platt is part of "an elaborate plan…to embezzle federal taxpayer dollars [from the] FHA mortgage insurance policy associated with Mr. [and] Mrs. Platt's mortgage." [Filing No. 9-3 at 2-7.]

In 2011, the Platts attempted to remove the State Court Action to federal court. [*See* Filing No. 9-5.] The United States District Court for the Southern District of Indiana remanded the case to the Marion County Superior Court for lack of federal jurisdiction. [Filing No. 9-6 (Entry and Order Accepting Magistrate Judge's Report and Recommendation in *CitiMortgage, Inc. v. Timothy C. Platt, Sonia E. Platt, et al.*, Case No. 1:11-cv-1711-TWP-MJD).][3] Mr. and Mrs. Platt appealed the remand of the State Court Action to the Seventh Circuit Court of Appeals, [Filing No. 9-7], and the Seventh Circuit dismissed the appeal for lack of jurisdiction, [Filing No. 9-8].

On January 14, 2015, on remand from the District Court, the Marion Superior Court granted Citi's Motion for Summary Judgment on its claims and on the Platts' counterclaims. [Filing No. 9-4.]

## II.
### COMPLAINT ALLEGATIONS

On December 22, 2014, while awaiting a ruling on Citi's Motion for Summary Judgment in the State Court Action, the Platts filed the instant lawsuit. [Filing No. 1.] The Platts assert three claims against Citi: (1) for libel, alleging that Citi "has defamed [their] reputations by recording incorrect information on their Credit Reports"; (2) for "engag[ing] in an insurance scam to defraud

---

[3] Specifically, the Court found that Citi had not asserted federal claims against the Platts and that, "[t]o the extent that the Platts are attempting to assert counterclaims or defenses based upon federal law, such counterclaims and defenses do not establish federal question jurisdiction." [Filing No. 33 at 4 in *CitiMortgage, Inc. v. Timothy C. Platt, Sonia E. Platt, et al.*, Case No. 1:11-cv-1711-TWP-MJD (citing *Adkins v. Illinois Cent. R.R. Co.*, 326 F.3d 828, 836 (7th Cir. 2003).] Conversely, in this case the Platts are the plaintiffs, and allege claims in the Complaint that they contend implicate federal law. Accordingly, this Court has subject-matter jurisdiction.

the United States of money" and using "fraudulent documents from that insurance scam" against the Platts; and (3) for failing to provide the Platts with "any of the FHA foreclosure avoidance programs available through the US Treasury Dept. and HUD." [Filing No. 1 at 2-4.]

### III.
### STANDARD OF REVIEW

The Federal Rules of Civil Procedure require that a complaint provide the defendant with "'fair notice of what the…claim is and the grounds upon which is rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1977, 167 L.Ed.2d 929 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). A Rule 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### IV.
### DISCUSSION

Citi advances four arguments in support of its Motion to Dismiss: (1) that the Platts' claims are barred by the doctrine of *res judicata*; (2) that the Platts' libel/defamation claim fails because it is preempted by the Fair Credit Reporting Act, the Platts were delinquent on their payments and

that delinquency was reported correctly to the credit reporting agencies, and the Platts do not allege that they were damaged by Citi's credit reporting; (3) that the Platts' "insurance fraud" claim fails because they do not allege adequate details of their claim, and they do not have standing to pursue such a claim; (4) that the Platts' allegations that Citi "used [a] falsified…Assignment of Mortgage to establish fraudulent ownership rights to pursue foreclosure action against [them]" does not satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b) and, in any event, Citi owned the mortgage so had the right to begin foreclosure proceedings; and (5) that the Platts' claim for failing to offer them loan modification or other loan avoidance measures fails because they do not allege that they met the requirements for any such programs, and any allegations they do make are vague. [Filing No. 10 at 5-14.]

The Platts did not respond to Citi's Motion to Dismiss. In the absence of a response by the Platts, the Court is authorized to summarily rule on Citi's motion pursuant to Local Rule 7-1(c)(4) ("The court may summarily rule on a motion if an opposing party does not file a response within the deadline"). In any event, Citi's motion is well-taken and the Court will provide a discussion of its merits. The Court will discuss Citi's grounds for dismissal in the order in which they were raised.

### A. *Res Judicata*

Citi argues that the Platts' counterclaims in the State Court Action are essentially the same claims raised here, and that summary judgment was granted in the State Court Action in favor of Citi. [Filing No. 10 at 5-6.] Accordingly, Citi argues, the Platts should be barred from re-litigating the same claims in this Court.

*Res judicata* "serves to prevent the litigation of matters that have already been litigated." *TacCo Falcon Point, Inc. v. Atlantic Ltd. Partnership XII,* 937 N.E.2d 1212, 1218 (Ind. Ct. App.

2010)._ *Res judicata* has two components: claim preclusion and issue preclusion. [Id.]( ) Here, Citi argues that the claim preclusion component of *res judicata* bars the Platts' claims based on a judgment rendered in the State Court Action. [[Filing No. 10 at 5-8]( ).] When a federal court considers whether *res judicata* bars claims, it applies the law of the state where the prior adjudication occurred. [*Chi. Title Land Trust Co. v. Potash Corp.*, 664 F.3d 1075, 1079 (7th Cir. 2011)]( ). Accordingly, the Court will apply Indiana law to determine whether *res judicata* applies here.

Under Indiana law, claim preclusion applies when the following four factors are present: "(1) the former judgment was rendered by a court of competent jurisdiction; (2) the former judgment was rendered on the merits; (3) the matter now at issue was, or could have been, determined in the prior action; and (4) the controversy adjudicated in the former action was between parties to the present suit or their privies." [*TacCo Falcon Point, Inc.*, 937 N.E.2d at 1218-19]( ).

### 1. *Judgment Rendered by a Court of Competent Jurisdiction*

A court is one of competent jurisdiction if it "has the power to determine cases of the general class to which a particular case belongs, [and] it has subject matter jurisdiction to consider a particular case in that class, absent a specific, timely objection to its jurisdiction of the particular case." [*Neese v. Kelley,* 705 N.E.2d 1047, 1051 (Ind. Ct. App. 1999)]( ) (citing [*D.L.M. v. V.E.M.*, 438 N.E.2d 1023, 1027 (Ind. Ct. App. 1982)]( )). The Court finds that the Marion County Superior Court is a court of competent jurisdiction and did render a final judgment in the State Court Action – upon the granting of Citi's summary judgment motion. [*See* [Filing No. 9-4]( ).] Thus, the first requirement for the application of *res judicata* is satisfied.

### 2. *Judgment on the Merits in an Earlier Action*

Foreclosure judgments "intend to dispose of the subject matter of the litigation," so long as there are no questions reserved "for future determination." [*Richards v. Franklin Bank & Trust*]( )

*Co.,* 381 N.E.2d 115, 118 (Ind. Ct. App. 1978). Because the Marion County Superior Court granted summary judgment to Citi in the State Court Action, finding that there were "no genuine issue[s] as to any material fact" related to the Platts' counterclaims, that court left no issues for future determination. [Filing No. 9-4.] Accordingly, this Court finds that the Marion County Superior Court's grant of summary judgment in the State Court Action was intended to end litigation between the parties on that matter. Thus, this requirement of *res judicata* is satisfied.

### 3. Identity of the Causes of Action

To determine whether the current claims were within the issues of the prior action, the test is "whether identical evidence will support the issues involved in both actions." *MicroVote General Corp. v. Ind. Election Com'n*, 924 N.E.2d 184, 192 (Ind. Ct. App. 2010) (citing *Biggs v. Marsh,* 446 N.E.2d 977, 982 (Ind. Ct. App. 1983)). Here, not only are the claims that the Platts raise nearly identical to their counterclaims in the State Court Action, they also point to the same evidence to support each of their claims against Citi. The Platts raised the same issues in the State Court Action, through their counterclaims, that they assert here: (1) that Citi committed libel when reporting their credit information; (2) that Citi is involved in a scam against the United States and their mortgage is involved; and (3) that they were unable to refinance their home because Citi neglected to make them aware of foreclosure avoidance programs.[4] [*Cf.* Filing No. 1 at 2-4 and Filing No. 9-3 at 2-7.] The same factual issues relevant to the Platts' counterclaims in the State

---

[4] Even if the Platts could argue that they did not raise all of the claims they have asserted here as counterclaims in the State Court Action, their claims would still be precluded here because they could have been brought in the State Court Action. *See Highway J Citizens Group v. U.S. Dept. of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006) ("res judicata 'bars not only those issues which were actually decided in a prior suit, but also all issues which could have been raised in that action'") (quoting *Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337, 338 (7th Cir. 1995)).

Court Action are also determinative of the Platts' claims here. The Court finds that this requirement of *res judicata* is met.

> *4. Identity of the Parties*

In the State Court Action, Citi was the plaintiff/counter-defendant and the Platts were the defendants/counter-plaintiffs. [[Filing No. 9-2](#); [Filing No. 9-3](#).] The parties in this action and the State Court Action are identical, so this requirement of *res judicata* is met.

In sum, dismissal of this matter is warranted under the doctrine of *res judicata* because a court of competent jurisdiction rendered a judgment on the merits of the counterclaims in the State Court Action, the counterclaims asserted in the State Court Action are nearly identical to, and derived from the same set of facts as, the claims asserted here, and the same parties are involved in the State Court Action and this action. Because the Court finds that the Platts' claims are barred by *res judicata*, it need not and will not address the alternative arguments raised by Citi in support of dismissal.

## V.
### CONCLUSION

For the reasons detailed herein, the Court **GRANTS** Citi's Motion to Dismiss, [[Filing No. 9](#)]. Final judgment will enter accordingly.

Date: April 24, 2015

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via United States Mail to:**

Timothy C. Platt
2757 Dietz Street
Indianapolis, IN 46222

Sonia E. Platt
2757 Dietz Street
Indianapolis, IN 46222

**Distribution via ECF only to all counsel of record**